UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:09-CV-402-H

SHARON DOOLEY                                                                                    PLAINTIFF

V.

MEDASSIST, INC.                                                                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Sharon Dooley ("Plaintiff") filed suit against her employer, MedAssist, Inc. ("Defendant"), in Jefferson Circuit Court in Louisville, KY.  She alleged disparate and racially discriminatory treatment.  Defendant was served on May 19, 2009.  Defendant removed the case to federal court on June 8, 2009 on the grounds that the Court has original federal question jurisdiction over the complaint.

Plaintiff's short complaint describes two instances of harassment by a supervisor in Defendant's parking lot, while working for Defendant in February 2008.  To resolve the immediate conflict, Plaintiff alleges she had to call the police.  She alleges the supervisor continued to make harassing statements and that Defendant ultimately terminated her.  Plaintiff states that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") and complained to Defendant's Human Resources department.  Plaintiff never states the legal basis for her cause of action.  Defendant argues that Plaintiff's complaint is founded in part on a claim or right arising under the laws of the United States.

A civil action filed in state court, which is founded on a claim or right arising under the laws of the United States, may be removed to federal court pursuant to federal question

jurisdiction. 28 U.S.C. § 1441(b). Defendant must file its notice of removal within thirty days of receipt of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." § 1446(b). Defendant timely removed the case on June 8. Plaintiff has objected to removal. The Court will treat Plaintiff's objection as a motion to remand.

Defendant's removal is based on federal question subject matter jurisdiction over discrimination claims arising under a federal civil rights statute. *See* 28 U.S.C. § 1331. Where it appears that the Court lacks subject matter jurisdiction, the case must be remanded. *Page v. City of Southfield*, 45 F.3d 128, 131 (6th Cir. 1995). To avoid remand, "a defendant [must] demonstrate that a district court would have original jurisdiction over a civil action." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). All doubts are resolved in favor of remand. *Id.*

The Court may have jurisdiction over the case through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331-32. Plaintiff and Defendant are both Kentucky citizens and therefore no diversity of parties exist. *See* § 1332. To maintain federal question jurisdiction, the complaint must "establish[] either that federal law creates the cause of action or that [Plaintiff's] right to relief necessarily depends on resolution of a substantial question of federal law." *Eastman*, 438 F.3d at 550 (quoting *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 133 (6th Cir. 1990)).

The federal question must be "presented on the face of [Plaintiff's] properly pleaded complaint." *Id.* (quoting *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003)). Plaintiff is "master of [her] complaint," so "the fact that a claim could be stated under federal law does not prevent [her] from stating it under state law only." *Id.* (citing *Alexander v. Elec.*

*Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994). "The federal question appearing on the face of the pleading must have sufficient substance to confer subject matter jurisdiction to the court." *Lexington-Fayette Urban County Gov't Civil Serv. Comm'n*, 115 Fed. Appx. 813, 816 (6th Cir. 2004). "Further, and in any event, it is the rule that to justify removal to the federal court the controlling federal question must appear directly and positively upon the complaint, and cannot be raised by vague inferences from its allegations, nor by judicial knowledge of what the finally controlling laws may be." *Venner v. New York Cent. R. Co.*, 293 F. 373, 373 (6th Cir. 1923) (citing *Mount. View Co. v. McFadden*, 180 U.S. 533).

Federal law and state law provide causes of action for Plaintiffs claiming discrimination. *See* 42 U.S.C. §§ 2000(e) *et seq.*; KRS § 344. Plaintiff does not cite either federal law or state law as the basis for her claim. Plaintiff does make reference to filing a charge with the EEOC, which issued a dismissal and notice of rights, but makes no allegation regarding the role that charge may play in her suit. Plaintiff is free to raise a federal claim only, a state claim only, or both claims, if the facts so support the claims. As the Complaint reads at the time of removal, the Court cannot ascertain the basis of Plaintiff's complaint. Since no federal claim is stated, the Court would have to infer from the mention of the EEOC charge that the case arises under federal law. This Court will make no such inference.

Plaintiff filed her complaint in state court. Nothing on the face of the Complaint makes clear that Plaintiff is asserting a federal cause of action. The Court will not decline to remand simply because Plaintiff may be able to bring a federal cause of action based on these facts. At this time, the Court cannot find that it has subject-matter jurisdiction in this case.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is REMANDED to Jefferson Circuit Court.

August 6, 2009

John G. Heyburn II, Judge
United States District Court

cc:   Counsel of Record